

FILED

08/29/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0448

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0448

DAVID WARRANT,

Petitioner,

v.

RYAN PETERSON, Sheriff,

Respondent.

FILED

AUG 2 9 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Petitioner David Warrant has filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration because he is being held on a bond warrant for a criminal case that has expired. He states that the case expired on July 5, 2022, and that his other criminal case had a two-year suspended sentence. Warrant explains that he is being held in the Fergus County Jail on a misdemeanor ticket that the Judith Basin County Justice Court has since dismissed. He includes several attachments. Warrant requests release on his own recognizance.

Available electronic records indicate that on November 9, 2017, in open court, the Flathead County District Court sentenced Warrant after receiving his guilty pleas to two counts of felony criminal endangerment. The District Court committed Warrant to the Department of Corrections (DOC) for a five-year term to be followed by a consecutive, ten-year term to the Montana State Prison (Cause No. DC-17-392B). Warrant did not appeal. The Sentence Review Division affirmed his sentence in April 2018.

On July 12, 2018, the Yellowstone County District Court committed Warrant to the DOC for felony criminal possession of dangerous drugs for a consecutive, two-year term (Cause No. DC 18-0668). The court specifically stated that the sentence would run consecutively to Warrant's sentence from the Flathead County District Court.

Upon this Court's review, neither of Warrant's sentences have expired. Warrant most likely discharged his five-year DOC term in July 2022, yet he had two consecutive sentences remaining—the first one to serve was in prison. Warrant must serve his sentence from Flathead County before he may serve the sentence from Yellowstone County.

The reason for his detention and his hold without bond may be found in the attachment, titled "Warrant to Arrest Parolee[.]" The DOC's Adult Probation and Parole office issued the warrant to pick up and hold Warrant on his Flathead County sentence, the sentence that Warrant was currently serving, pursuant to § 46-23-1023, MCA. A parolee may be arrested for violations of any condition of release. Section 46-23-1023(1), MCA. Warrant was charged with four new offenses, including felony criminal possession of dangerous drugs and misdemeanor driving under the influence in June 2023, violating laws and conduct.

Even though the Justice Court dismissed Warrant's charges, Warrant may be held without bond, pending a decision by the Board of Pardons and Parole (Board). Section 46-23-1024(6), MCA. Once Warrant was charged in Justice Court, his Parole Officer was then required by statute to report this violation to the Board. Section 46-23-1025(1), MCA. Warrant is not entitled to an initial hearing because he "has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA. Warrant's conduct related to the charged new criminal offenses, which are considered non-compliance. "'Compliance violation' means a violation of the conditions of supervision that is not[,]" for Warrant's circumstances, "a new criminal offense[.]" Section 46-23-1001(3)(a), MCA.

Warrant has not demonstrated that he is being held illegally. He may be held without bond under Montana law. He is not entitled to release on his own recognizance. While he has been held for more than two months, Warrant will have an appearance before the Board concerning his parole status.

Therefore,

IT IS ORDERED that Warrant's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

2

The Clerk of the Supreme Court is directed to provide a copy of this Order to: counsel of record and David Warrant personally.

DATED this ___ day of August, 2023.

_____

_____

_____

_____

_____

Justices